IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN M. GORAL,<br>    Plaintiff,<br><br>vs.<br><br>PYRAMID HEALTHCARE,<br>    Defendant. | 2:06cv1430<br>Electronic Filing<br><br>Judge Cercone<br>Magistrate Judge Mitchell |

**MEMORANDUM ORDER**

AND NOW, this 11th day of January, 2008, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on November 29, 2007, and plaintiff's objections thereto, IT IS ORDERED that defendant's motion for summary judgment (Docket No. 14) be, and the same hereby is, granted. The magistrate judge's report and recommendation (Docket No. 18) as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. Both the content of plaintiff's affidavit and the unsworn statements of the co-workers merely cast doubt on the veracity of the complaining patients and/or the reliability of the reported incidents concerning plaintiff. And the report by the physician likewise speaks only to the physician's subjective evaluation of the patients' credibility. To be sure, all of this evidence has probative value in questioning the accuracy of the information defendant reacted to, but it does not undermine in any meaningful way defendant's explanation as to why it took the adverse employment actions in question. For example, plaintiff's evidence does not provide any basis to question whether defendant received the complaints/reports; nor does it undermine in any probative way defendant's decisions to investigate the incidents and take action based upon that investigation. The evidence also fails to call into question the central explanation defendant proffered for the adverse action, namely plaintiff's insubordination. Merely questioning whether the complaining/reporting patients should be believed because of their life circumstances and general stereotypical assumptions associated therewith and commenting on plaintiff's general character and reputation do not rise to the level of probative evidence that would sustain a jury finding of pretext on either of plaintiff's Title VII claims in the face of defendant's proffered explanation. See Kautz v. Met-

Pro Corp., 412 F.3d 463, 468 (3d Cir. 2005) (to be probative of discriminatory animus the evidence in question must be capable of showing in some meaningful way that the defendant's decision "was so implausible, inconsistent, incoherent or contradictory that it must be a pretext for something else." ) (collecting cases in support). Plaintiff's evidence falls well short of meeting this demanding standard. Accordingly, the magistrate judge appropriately recommended that defendant's motion for summary judgment be granted.

          s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Honorable Robert C. Mitchell
United States Magistrate Judge

Erik M. Yurkovich, Esquire
207 Pine Creek Road
Suite 201
Wexford, PA 15090

David A. Pertile, Esquire
C. Wayne Hippo, Jr., Esquire
Hippo & Fleming Law Offices
P.O. Box 550
1218 Eleventh Avenue
Altoona, PA 16603-0550